Case 4:15-cr-00152-A Document 91 Filed 07/06/15 Page 1 of 7 PageID 177

NORTHERN DISTRICT OF TEXAS
FILED

JUL - 6 2015

CLERK, U.S. DISTRICT COURT
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 4:15-CR-152-A |
| CELESTE MONTE BLAIR (09) | |

### GOVERNMENT'S RESPONSE TO DISCLOSURE OF PRIOR REPRESENTATION

The United States Attorney for the Northern District of Texas submits this, its response to the Defendant's Disclosure of Prior Representation, and would respectfully show the Court the following:

**I.  Statement of Facts**

The defendant, Celeste Monte Blair, has been indicted in a federal drug conspiracy case. She is represented by Catherine Dunnavant ("defense counsel"). Defense counsel disclosed to the Court on June 30, 2015, that she represented co-defendant Phillip Schenck (defendant number seven in the instant indictment) on an unrelated Driving While Intoxicated- Open Container charge in 2011. Defense counsel has asked the Court to determine whether or not she should be disqualified.

On June 2, 2015, ATF agents interviewed Blair. She discussed her relationship with various co-defendants, including Eric Summers (defendant number one in the instant indictment) and Phillip Schenck. For a period of time Summers, Schenck, and Blair had a drug dealing relationship that required them to meet daily. Blair and Summers have lived together for the past two years, and she is aware of his relationship to Schenck. She

has observed Schenck supply Summers with methamphetamine on several occasions. On June 22, 2015, ATF agents interviewed Phillip Schenck. Schneck admitted that he sold methamphetamine to Summers. Although the full extent of the relationship between Schenck and Blair is unknown, it is clear that the defendants are acquaintances.

## II. Statement of Law

A defendant has a Sixth Amendment right to counsel, and that right includes "representation that is free from any conflict of interest." *United States v. Vaquero*, 997 F.2d 78, 89 (5th Cir.1993). Where an attorney has filed a notice of potential conflict, the district court should "conduct an inquiry into the matter." *United States v. Rodriguez*, 278 F.3d 486, 492 (5th Cir. 2002). This inquiry is required in order to ensure "that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." *Wheat v. United States*, 486 U.S. 153, 160 (1988). A defendant may choose to waive his/ her Sixth Amendment protections, but that right is not absolute. *Id.* Even where the defendant has provided a waiver of any conflict of interest, the court may disqualify counsel based on actual conflict or serious potential for conflict. *United States v. Vasquez*, 995 F.2d 40, 42 (5th Cir. 1993). The Supreme Court has held that where an actual conflict of interest exists or where the potential for conflict exists, "the district court must be allowed substantial latitude in refusing waivers of conflicts of interest." Although, "[i]n most cases, it is the defense attorney in a criminal matter who is in the best position, professionally and ethically, to determine when a conflict exists or will probably develop in the course of the trial." *Rodriguez*, 278 at 492.

An actual "conflict exists when defense counsel places himself in a position conducive to divided loyalties." *United States v. Carpenter*, 769 F.2d 258, 263 (5th Cir.1985). When determining whether or not an actual conflict of interest exists, the Fifth Circuit looks at:

> (1) whether the attorney has confidential information that is helpful to one client but harmful to the other client;
> (2) whether and how closely related is the subject matter of the multiple representations;
> (3) how close in time the multiple representations are; and
> (4) whether the prior representation has been unambiguously terminated.

*United States v. Burns*, 526 F.3d 852, 856 (5th Cir. 2008). If it is found that an actual conflict indeed exists, and the defendant choses to retain the conflicted attorney, the district court must conduct a *Garcia* hearing. *United States v. Garcia-Jasso*, 472 F.3d 239, 243 (5th Cir. 2006). The purpose of the hearing is to "ensure a valid waiver by the defendant of his Sixth Amendment right." *Id.* The purpose of the hearing is to "'ensure that the defendant (1) is aware that a conflict of interest exists; (2) realizes the potential hazards to his defense by continuing with such counsel under the onus of a conflict; and (3) is aware of his right to obtain other counsel." *Id.* (quoting *United States v. Greig*, 967 F.2d 1018, 1022 (5th Cir. 1992)).

When determining whether a potential conflict of interest exits, "[t]he evaluation of the facts and circumstances of each case under this standard must be left primarily to the informed judgment of the trial court." *Wheat*, 486 U.S. at 164. The determination requires a fact-intensive inquiry. *Id.* The decision must be made "not with the wisdom of hindsight after the trial has taken place, but in the murkier pre-trial context when

relationships between parties are seen through a glass, darkly." *Id.* at 162. The district court should "balance proper considerations of judicial administration against the right to counsel." *United States v. Voigt*, 89 F.3d 1050, 1074 (3d Cir. 1996).

There is the potential for a conflict of interest "whenever an attorney's loyalties are divided, and an attorney who cross-examines former clients inherently encounters divided loyalties." *Voigt*, 89 at 1050 (internal citations omitted). In *United States v. Bradford*, the defendant was charged with conspiracy to possess with intent to distribute in excess of 500 grams of cocaine. *United States v. Bradford*, 121 F. Supp. 2d 454, 454 (W.D. Pa. 2000). His attorney also represented a cooperating government witness, on a statutory rape case, who was expected to testify at the defendant's drug trial. *Id.* at 455. Counsel offered to withdraw from representing the cooperating witness, but the court still concluded that there was a potential conflict of interest. *Id.* The court, irrespective of counsel's lack of knowledge concerning the cooperating witness's testimony, was concerned about counsel's ability to effectively cross-examine the witness and attack his credibility. *Id.* at 456. There was a concern that counsel "may be unwilling or unable to vigorously cross-examine [the cooperating witness]. . . ." *Id.* The government's motion to disqualify counsel was granted. *Id.* at 457.

### III. Analysis

Defense counsel may be disqualified based on an actual conflict of interest or the serious potential for a conflict of interest. Here, as noted by the defense, there is not an actual conflict of interest. Defense counsel has stated that she does not have any confidential information that is helpful to Blair, the subject matter of the representation of

Schenck is different than the subject matter of the current case, the representation of Schenck occurred four years prior to the current case, and the representation of Schenck has been terminated. When looking at the four factors outlined in *Burns*, they weigh against finding an actual conflict of interest. Since there is not an actual conflict of interest, a *Garcia* hearing is likely not required.

The Court, however, is still required to conduct an inquiry into the potential for a conflict of interest. The Court has to make the determination of whether or not to disqualify defense counsel based not on hindsight, but in the pre-trial context where trial strategy is not yet clear. Here, if defense counsel continues to represent Blair, it is possible that the proceedings will not seem fair to outside observers. As noted in *Voigt* and *Bradford*, there is a potential conflict of interest where an attorney has to cross-examine a former client. If this case goes to trial, it is possible that defense counsel will have to cross-examine Schenck and may not be able to vigorously cross-examine him due to the prior representation. Although it is not clear who will testify in the case, it is clear from the ATF interviews that Schenck and Blair could be used to testify against each other at trail. It is also possible that the two defendants could be in an adversarial position at the sentencing phase.

Although the Fifth Circuit has noted that defense counsel is often in the best position to determine whether she should be disqualified, that is not the case here. She is unaware whether Schenck plans to testify, and she likely will not be the one making that decision. She does not know about the possible content of Schenck's testimony, and she represented Schenck on an unrelated matter. Similar to *Bradford*, there is still the

potential for a conflict of interest. As Blair noted in her interview with ATF agents, Blair and Schenck do have a drug dealing relationship. Although Schenck did not explicitly mention Blair in his interview, certain facts in his interview did corroborate those provided by Blair. For example, both discussed the fact that Summers purchased drugs from Schenck. There is thus the potential for a serious conflict of interest.

In this case Blair has not provided a waiver stating that she wishes to retain defense counsel even if there is a conflict of interest. Even if Blair does sign such a waiver, the administration of justice may outweigh the defendant's right to her chosen counsel due to the potential for a serious conflict of interest. Defense counsel, therefore, may be disqualified due to the potential for a conflict of interest.

## IV. Conclusion

In conclusion, the Court may find that defense counsel should be disqualified. Although there is no actual conflict of interest, there is the potential for a conflict of interest.

Respectfully submitted,

_____
SHAWN SMITH
Assistant United States Attorney
801 Cherry Street, Suite 1700
Fort Worth, Texas, 76102
Telephone: (817) 252-5200
Facsimile: (817) 918-3094
SBOT #24033206

## CERTIFICATE OF SERVICE

I certify that I caused a copy of the foregoing to be served upon counsel of record for the Defendant.

DATED this 6th day of July, 2015.

_____
SHAWN SMITH
Assistant United States Attorney